*167 OPINION.
Arundell :
Section 200 of the Revenue Acts of 1918 and 1921 defines a personal service corporation as one “ whose income is to be ascribed primarily to the activities of the principal owners or stockholders who are themselves regularly engaged in the active conduct of the affairs of the corporation and in which capital (whether invested or borrowed) is not a material income-producing factor * *
The petitioner has failed to prove that it comes within at least two of the essential requirements of the statute. In 1916 David J. McComb, owner of about 85 per cent of the Company’s stock, and consequently its principal stockholder, placed the active management of the business in the hands of Anderson, the holder of 10 per cent of the corporation’s stock. After 1916, including the taxable years, McComb did not spend more than from three to five months *168 each year in New York City and we do not know how much of that time was devoted to the conduct of the affairs of the Company. Subsequent to 1916 Anderson had active charge of its affairs, and, to use his language, “ was running the whole business.” McComb was probably responsible for some of the Company’s revenue, but the evidence is lacking in proof that during the taxable years its income was due primarily to his activities. Neither does the evidence establish that McComb was regularly engaged in the active conduct of the Company’s business.
At the hearing counsel for the petitioners conceded that in the event we decide that the Company is nqt a personal service corporation, the petitioners should be affiliated for tax purposes. Accordingly, the determination of the respondent that the petitioners were affiliated during the year 1920 is approved.

Decision will be entered for the respondent.